JASON M. FRIERSON
United States Attorney
Nevada Bar No. 7709
District of Nevada
JACOB H. OPERSKALSKI
Assistant United States Attorney
Nevada Bar Number 14746
501 Las Vegas Blvd. South, Suite 1100
Las Vegas, Nevada 89101
PHONE: (702) 388-6336
jacob.operskalski@usdoj.gov
*Representing the United States of America*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　　vs.<br><br>JOHN ANTHONY MILLER,<br><br>　　　　　Defendant. | Case No.: 2:23-cr-00221-JAD-DJA<br><br>**MEMORANDUM IN SUPPORT OF GUILTY PLEA WITHOUT PLEA AGREEMENT** |

There is no plea agreement in this case. Government counsel was notified that the defendant, John Anthony Miller, intends to enter a plea of guilty without the benefit of a plea agreement. ECF No. 73. The defendant provided that notice in a timely manner, which allowed the Government to avoid preparing for trial and to efficiently allocate resources.

This Memorandum is to aid the Court in advising the defendant of the consequences of a guilty plea under Federal Rules of Criminal Procedure 11(b).

On November 21, 2023, a Federal Grand Jury returned an Indictment charging Miller with one count of threatening a federal official in violation of 18 U.S.C. § 115(a)(1)(B), and two counts of influencing, impeding, or retaliating against a federal official by threatening a family member in violation of 18 U.S.C. § 115(a)(1)(A) for his actions in threatening United States

1

Senator 1, the family of United States Senator 1, and the family of United States Senator 2. ECF No. 25.

**PENALTY**

**Statutory:**

The maximum penalty for each violation of 18 U.S.C. § 115(a)(1)(A) and (B) is 10 years imprisonment; a 3-year period of supervised release; a fine of $250,000 or twice the gross gain or gross loss resulting from the offense, whichever is greatest; and a mandatory special assessment of $100.

Accordingly, the defendant faces a maximum penalty of 30 years of imprisonment, a 9-year period of supervised release, a $750,000 fine or twice the gross gain or gross loss resulting from the offenses, and $300 in mandatory special assessments.

**Sentencing Guidelines:**

The sentence imposed will be imposed pursuant to 18 U.S.C. § 3553(a). In determining the sentence, the Court must consider the United States Sentencing Guidelines. However, those Guidelines are only advisory and are just one factor for the Court to consider in arriving at a fair, just, and reasonable sentence. The length and terms of that sentence depend upon the nature and number of previous criminal convictions which are used to determine the advisory offense level and criminal history category under the Sentencing Guidelines. After the Court makes this decision, it then may impose a sentence within the applicable Guideline range or any sentence the Court deems reasonable, and sufficient, but not greater than necessary, to comply with the purposes of 18 U.S.C. § 3553(a).

A federal prison sentence can no longer be shortened by early release on parole because parole has been abolished. Under U.S.S.G. § 5D1.1, a term of supervised release following

imprisonment is required when the term of imprisonment is more than one year.[1] Pursuant to 18 U.S.C. § 3559(a)(3), these are Class C felonies. Because these are Class C felonies, if a term of supervised release is imposed in this matter, the term shall be at least one year but not more than three years per count under U.S.S.G. § 5D1.2(a)(2).

Under the provisions of U.S.S.G. § 5E1.2, a fine must be imposed, depending upon the Court's finding of the appropriate Offense Level within a range to be determined by the Guidelines. However, U.S.S.G. § 5E1.2(e) allows the District Court to waive the fine, impose a lesser fine or an alternative sanction, such as community service, if the defendant establishes he does not have the ability to pay a fine and is not likely to become able to pay any fine.

A mandatory special assessment under 18 U.S.C. § 3013 and U.S.S.G. § 5E1.3 of $100.00 must be imposed for each count, for a total of $300.00.

## ELEMENTS OF THE OFFENSE

Before verdicts of guilty may be reached, the Government would have to prove the essential elements of Counts 1-3 beyond a reasonable doubt as follows:

Count One: 18 U.S.C. § 115(a)(1)(B) – Threatening a federal official:

First:   The defendant threatened to murder a United States official

Second:   The defendant did so with intent to impede, intimidate, or interfere with the United States official while she was engaged in the performance of official duties

OR

The defendant did so with intent to retaliate against the United States official on account of the performance of her official duties.

*Ninth Circuit Model Criminal Jury Instruction 8.15 (2022).*

---

[1] The requirement does not apply if the defendant is a deportable alien who is likely to be deported after imprisonment. This exception does not appear to be applicable here.

3

<u>Counts Two – Three</u>: 18 U.S.C. § 115(a)(1)(A) – Influencing, impeding, or retaliating against a federal official by threatening a family member:

<u>First</u>:  The defendant threatened to murder a member of the immediate family of a United States Official; and

<u>Second</u>:  The defendant did so with intent to impede, intimidate, or interfere with the United States official while she was engaged in the performance of official duties

OR

The defendant did so with intent to retaliate against the United States official on account of the performance of her official duties.

*Ninth Circuit Model Criminal Jury Instruction 8.15 (2022).*

"'United States official' means the President, President-elect, Vice President, Vice President-elect, a Member of Congress, a member-elect of Congress, a member of the executive branch who is the head of a department listed in 5 U.S.C. § 101, or the Director of the Central Intelligence Agency." 18 U.S.C. § 115(c)(4).

## **FACTS TO SUPPORT A PLEA OF GUILTY**

From October 11-25, 2023, John Anthony Miller called two United States Officials (United States Senators 1 and 2) and left a barrage of threatening voicemails for both officials.

<u>Count One</u>: On or about October 17, 2023, Miller left a number of voicemails for United States Senator 1. Among other things, Miller stated:

- "You just fucking woken up a motherfucking monster, you fucking piece of shit unhuman, subhuman, you're vermin, bitch, you are vermin, bitch, and we're gonna finish what Hitler started you fucking slut."

- "You done picked your side bitch and you done chose evil. I don't give a fuck if you were born into it or not, bitch, you are fucking evil, bitch and we're gonna exterminate

4

you, fuck."

John Miller intended that his words be heard as a threat to kill United States Senator 1. He made this threat with intent to impede, intimidate, and interfere with United States Senator 1 while she was engaged in the performance of official duties, and he did so with intent to retaliate against United States Senator 1 on account of the performance of her official duties.

Count 2: On or about October 24, 2023, Miller left another voicemail for United States Senator 1. After another violent rant, Miller stated: "Why don't you come arrest me then, fuckin bitch, fuckin bitch, your family's not safe no more bitch. You just put your whole fuckin family in danger, bitch, you better fly them out there to fuckin Israel too."

John Miller intended that his words be heard as a threat to kill the immediate family of United States Senator 1. He made this threat with intent to impede, intimidate, and interfere with United States Senator 1 while she was engaged in the performance of official duties, and he did so with intent to retaliate against United States Senator 1 on account of the performance of her official duties.

Count 3: On or about October 25, 2023, Miller left a violent voicemail for United States Senator 2 that ranted about wanting her to live forever "…so you don't have to worry nothing about me, your family on the other hand, and shit, that's another thing, and shit, good luck with that, bitch, you think, you-er-knowhatImean, you're gonna have security for them?"

John Miller intended that his words be heard as a threat to kill the immediate family of United States Senator 2. He made this threat with intent to impede, intimidate, and interfere with United States Senator 2 while she was engaged in the performance of official duties, and he did so with intent to retaliate against United States Senator 2 on account of the performance of her official duties.

\\

Miller made all of these threats while he was located in the State and Federal District of Nevada.

DATED this 17th day of December, 2024.

> JASON M. FRIERSON
> United States Attorney
>
> *Jacob H. Operskalski*
> JACOB H. OPERSKALSKI
> Assistant United States Attorney